UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MALIBU MEDIA, LLC,**

    Plaintiff,

  -vs-                     **Case No. 13-C-536**

**JOHN DOE, subscriber assigned
IP address 184.58.186.212,**

    Defendant.

**MALIBU MEDIA, LLC,**

    Plaintiff,

  -vs-                     **Case No. 13-C-544**

**JOHN DOE, subscriber assigned
IP address 97.83.171.176**

    Defendant.

**MALIBU MEDIA, LLC,**

    Plaintiff,

  -vs-                   **Case No. 13-C-779**

**JOHN DOE, subscriber assigned
IP address 174.103.170.15**7

    Defendant.

## DECISION AND ORDER

These cases are part of a wave of cases brought against anonymous defendants for illegally downloading copyrighted adult films using the BitTorrent Protocol, a "peer-to-peer file sharing system used to transfer files over the Internet." *Malibu Media LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *1 (N.D. Ill. March 7, 2013); *see also Malibu Media LLC v. John Does 1-6*, No. 12 C 08903, --- F.R.D. ---, 2013 WL 2150679, at *1 (N.D. Ill. May 17, 2013). So far in 2013, Malibu Media has filed 28 of these cases in this judicial district. Three of them, captioned above, are pending in this Court.

One of the recurring issues in these cases is how to discover the identity of the alleged infringer. In each of the above-captioned cases, the Court granted Malibu Media's *ex parte* motion to serve a third-party subpoena on the defendant's internet service provider (ISP). In Case No. 13-C-536, the anonymous defendant appeared by counsel and moved to quash the subpoena.

There is a division of authority among district courts regarding whether a party has standing to quash a subpoena issued to a non-party ISP. *See, e.g., reFX Audio Software, Inc. v. Does 1-11*, No. 13 C 975, 2013 WL 3867656, at *1 (N.D. Ill. July 23, 2013). As in *reFX Audio*, the Court need not wade into this dispute, because the motion to quash is without merit. "Identifying customers associated with the IP addresses of which plaintiff is aware is relevant to its claims. Even if the customer associated with the IP address is not necessarily the person who illegally download[ed] plaintiff's software, the customer's name is the first step in identifying the proper

defendant." *Id.* at *2; *see also Malibu Media LLC v. John Does 1-7*, No. 12-1189, 2013 WL 501445, at *1-2 (C.D. Ill. Feb. 11, 2013) ("The Court knows of no other method for a copyright holder to begin to protect its copyright when the BitTorrent protocol is the alleged method of infringement"); *but see*, *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11-3995(DRH)(GRB), 2012 WL 1570765 (E.D.N.Y. May 2, 2012) (expressing concerns about whether an IP address can be traced to an individual owner).

The 536 defendant also moves for leave to proceed anonymously. Malibu Media does not oppose this motion. In fact, Malibu Media represents that it never opposes a defendant's motion to proceed anonymously. However, in Case No. 13-C-544, Malibu Media filed a summons and complaint publicly identifying the initially-anonymous defendant; the same type of amendment may be forthcoming in Case No. 13-C-779. The Court sees no reason why the dispensation of anonymity should depend upon whether the defendant has appeared by counsel. There is good cause to allow all of these defendants to proceed anonymously. *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("because Doe (as a defendant) has not purposefully availed himself of the courts, the public's interest in knowing his identity is weaker"). The Court will direct the Clerk of Court to seal all of the relevant pleadings in Case No. 13-C-544 and amend the caption of that case to its original form. The Court expects that the 779 defendant will remain anonymous going forward.

- 3 -

Case 2:13-cv-00536-RTR   Filed 09/17/13   Page 3 of 5   Document 18

Finally, the 536 defendant moves to seal an exhibit attached to the complaint — Exhibit C. This exhibit lists over 850 titles downloaded to the targeted IP address. The problem with this exhibit is that it contains numerous titles — some of them crude and obscene — that do not correspond to the copyrights-in-suit (Exhibit B). The same pattern is repeated in all of the other cases that have been filed in this judicial district.

This issue was flagged by the Court's neighbors in the Western District of Wisconsin. Judge Crocker issued an order to show cause as to why Malibu Media's counsel should not be sanctioned for filing Exhibit C. Judge Conley then found that the exhibit's intent "was to harass and intimidate defendants into early settlement by use of the salacious nature of others' materials, rather than the merit of its own copyright claims." *Malibu Media LLC v. John Doe*, No. 13-cv-205-wmc, 2013 WL 4821911, at *1 (W.D. Wis. Sept. 10, 2013). Accordingly, Judge Conley sanctioned counsel $200 for each of the eleven cases pending before him. The Court is persuaded by Judge Conley's reasoning. Therefore, Malibu Media will be ordered to show cause as to why attaching Exhibit C to the complaints in Case Nos. 13-C-536, 13-C-544, and 13-C-779 does not violate Federal Rule of Civil Procedure 11(b).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. In Case No. 13-C-536, Doe's motion to quash the subpoena [ECF No. 9] is **DENIED**, but his motion to proceed anonymously and to seal Exhibit C to the complaint is **GRANTED**. In addition, the Court *sua sponte* finds that the defendants

- 4 -

in Case Nos. 13-C-544 and 13-C-779 will be allowed to proceed anonymously. Accordingly, in Case No. 13-C-544, the Clerk of Court is directed to seal ECF Nos. 7 and 8 and to further remove any trace of the defendant's identity from the docket. Finally, the Clerk of Court is directed to place Exhibit C [ECF No. 1-3] under seal in all of these cases; and

    2.    Within **ten (10)** days of the date of this Order, the plaintiff is ordered to show cause as to why attaching Exhibit C to the complaints in the above-captioned cases does not violate Rule 11(b). Fed. R. Civ. P. 11(c)(3).

Dated at Milwaukee, Wisconsin, this 17th day of September, 2013.

                      BY THE COURT:

                        */s/ Rudolph T. Randa*
                      **HON. RUDOLPH T. RANDA**
                      **U.S. District Judge**