**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>JOHN DOE subscriber assigned IP address<br>184.58.186.212,<br><br>    Defendant. | Civil Case No. 2:13-cv-536-RTR |
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>JOHN DOE subscriber assigned IP address<br>97.83.171.176,<br><br>    Defendant. | Civil Case No. 2:13-cv-544-RTR |
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>JOHN DOE subscriber assigned IP address<br>174.103.170.157,<br><br>    Defendant. | Civil Case No. 2:13-cv-779-RTR |

**MOTION OF THE ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE
BRIEF *AMICUS CURIAE* IN SUPPORT OF SANCTIONS**

The Electronic Frontier Foundation ("EFF") hereby moves for leave to file an *amicus curiae* brief in the above-captioned case in support of sanctions against Malibu Media ("Malibu") and its counsel for violation of Federal Rule of Civil Procedure 11(b)(1). EFF has monitored the nationwide phenomenon of copyright infringement litigation against Internet users since 2010, and has advocated for the due process rights of those users through *amicus* briefs, expert testimony, and as court-appointed attorneys *ad litem*. In this action, where the Court has asked Malibu Media and its attorney to show cause "why attaching Exhibit C to the complaints . . . does not violate Federal Rule of Civil Procedure 11(b)", Decision and Order 4, Case No. 2:13-cv-00536-RTR *et seq.*, Sept. 17, 2013 (ECF No. 18), an analysis of the facts and law from *amicus curiae*'s perspective will aid the Court's decision making. Accordingly, EFF requests leave to file the *amicus* brief attached as Exhibit A.

EFF is a member-supported, nonprofit public interest organization dedicated to protecting civil liberties and free expression in the digital world. EFF seeks to protect the rights of Internet users to communicate, learn, and engage in daily life online. EFF has participated in many cases where a copyright owner seeks damages for alleged infringement of creative works on the Internet using the BitTorrent protocol.[1]

EFF was granted leave to file an *amicus* brief in the underlying litigation. On May 28, 2013, Magistrate Judge Crocker of the Western District of Wisconsin ordered plaintiff Malibu Media to show cause why that court should not issue Rule 11(b) sanctions for its regular practice of attaching an apparently unrelated and embarrassing "Exhibit C" to the complaints in eleven copyright infringement cases. Order 5, *Malibu Media v. Doe*, Case No. 3:13-cv-00205-SLC

---

[1] *See*, *e.g.*, *Hard Drive Prods., Inc. v. Does 1-1,495*, No. 1:11-cv-1741 (D.D.C. Jan. 30, 2012); *Millennium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W.Va. Nov. 23, 2010).

1

(W.D. Wis. May 28, 2013) (ECF No. 7). District Judge William M. Conley[2] permitted EFF to file an *amicus* brief over Malibu Media's opposition. Order Granting Motion for Leave to File *Amicus* Brief 3-4, Case No. 3:13-cv-00205-WMC (W.D. Wis. July 18, 2013) (ECF No. 26); *see also* Opinion and Order 3-4, *Malibu Media v. Doe*, Case No. 3:13-cv-00205-WMC (W.D. Wis. Sept. 10, 2013) (ECF No. 31) ("Amicus Electronic Frontier Foundation ('EFF') got wind of this order and, given its unique insights and interests, received this court's permission to file its own brief in support of sanctions."). As this Court is aware, the Wisconsin court ultimately sanctioned counsel for Malibu Media in each of the eleven cases. *Id.* at 10.

EFF has also participated in numerous other actions across the country. In 2010, Judge Godbey of the Northern District of Texas appointed an EFF staff attorney to serve as *ad litem* counsel for 670 John Doe defendants in a copyright case, like the instant cases, involving alleged infringing downloads.[3] In the seminal case of *AF Holdings, LLC v. Does 1-1,058*, which is currently pending before the Court of Appeals for the D.C. Circuit, EFF presented *amicus* briefing and expert testimony on the operation of BitTorrent, on the accuracy of plaintiffs' pre-suit investigations, and on the evidentiary value of Internet Protocol addresses to establish personal jurisdiction.[4] EFF's interest in these cases is to assure that due process, and the careful balance of public and private rights embodied in U.S. copyright law, are preserved regardless of the merits of each infringement claim.

An *amicus* brief is permitted when "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs", and particularly when "the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542,

---

[2] All Malibu Media cases in the Western District of Wisconsin were reassigned to Judge Conley on July 12, 2013.
[3] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010).
[4] *AF Holdings, LLC v. Does 1-1,058*, No. 12-7135 (D.C. Cir).

545 (7th Cir. 2003) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616-17 (7th Cir. 2000)).

In the Western District of Wisconsin, Judge Conley granted EFF leave to file an *amicus* brief, in part, "because EFF has been following these cases closely for some time [and] it appears able to offer a uniquely informed and experienced perspective on the role of 'Exhibits C' . . . , something a typical 'one-off' defendant could not possibly provide." Order Granting Motion for Leave to File *Amicus* Brief 4, *Malibu Media v. Doe,* Case No. 3:13-cv-00205-WMC (W.D. Wis. July 18, 2013) (ECF No. 26). EFF respectfully submits that its experience following Malibu Media cases will assist the Court in deciding whether Malibu has shown cause. Specifically, EFF will assist the Court by providing a response to Malibu's briefing, including placing Malibu's conduct in context with the broader phenomenon of BitTorrent litigation and providing authority supporting the Court's contention that Malibu's conduct has violated Rule 11**.**

Additionally, "[a]n amicus brief should normally be allowed when a party . . . is not represented at all." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.). For example, when a *pro se* litigant is unable to represent herself competently, the Seventh Circuit encourages *amicus* participation. *Wenfang Liu v. Mund*, 686 F.3d 418, 420 (7th Cir. 2012); *see also Skolnick v. Mayor and City Council of Chicago*, 415 F.2d 1291, 1292 (7th Cir. 1969). In the instant cases, while counsel for the 536 and 544 defendants have entered appearances, the 779 defendant is not represented.

Moreover, the conduct that led to the Court's Order to Show Cause – including with complaints a list including highly embarrassing pornographic movie titles for which Malibu is *not* claiming copyright infringement – creates a strong incentive for the 779 defendant to *avoid* appearing before this Court. Raising defenses, no matter how meritorious, would risk that defendant's identity being revealed and publicly associated with the scandalous titles listed in their "Exhibit C." EFF's brief can help fill this gap for the 779 litigation.

Accordingly, EFF respectfully request that it be allowed to file the brief attached as Exhibit A in each of the above references cases.

3

Dated:     October 21, 2013       Respectfully submitted,

             /s/ Hanni Fakhoury
Hanni Fakhoury
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
hanni@eff.org

*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*

4